*E-FILED - 1/25/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>THIN EDWARD SOU,<br><br>Defendant/Movant. | NO. C-08-3072-RMW<br>Related Criminal Case: CR-03-20110-RMW<br><br>ORDER GRANTING AN EVIDENTIARY HEARING ON CERTAIN ISSUES RAISED IN § 2255 MOTION AND DENYING THE MOTION AS TO OTHER ISSUES AND APPOINTING COUNSEL |

Thin Edward Sou moves pursuant to 28 U.S.C. § 2255 to set aside his conviction and to be allowed to accept a 10-year pre-trial plea offer allegedly made by the government. Sou is currently serving a 240- month sentence imposed on October 28, 2005. The basis of his motion is that he was denied his Sixth Amendment right to the effective assistance of counsel when his trial counsel failed to: (1) advise him of a ten-year plea offer; (2) adequately advise him of the advantages of pleading guilty; (3) advise him to plead guilty; (4) adequately investigate relevant sentencing laws; and (5) convey the government's plea offer as it related to the superseding indictment.

Pursuant to the court's order of June 23, 2010, the government filed a response to Sou's motion on August 6, 2010. The government's counsel denies that any offer was ever extended for a 10-year sentence in exchange for a guilty plea. Defense counsel currently confirms the government's statement that no such offer was ever made but this conflicts with a representation he made to the court shortly before trial commenced.

1    The defendant has not established that his counsel failed to adequately investigate relevant
2 sentencing laws or to advise defendant shortly before trial of the government's then position that any
3 deal would have to include a sentence predicated upon a base offense level of 38 under the
4 Sentencing Guidelines.  Defense counsel's notes and declaration suggest that defendant was
5 adequately counseled about the possible sentences he faced.  Further, the evidence strongly suggests
6 that defendant would not accept an offer with a base offense level of 38.  In other words, even if
7 counsel's advice was inadequate, defendant was not prejudiced.

8    However, the court finds the evidence disturbingly conflicting as to whether a 10-year offer
9 was ever made by the government and whether defense counsel ever discussed such an offer with
10 defendant.   Although the court finds persuasive the declaration of the government's counsel that no
11 10-year offer had ever been made, the court is troubled by the fact that although defense counsel
12 currently confirms that no 10-year offer was ever made, he expressly represented otherwise at an *in*
13 *camera* hearing immediately prior to trial.  The following exchange took place on October 24, 2004
14 between the court and defense counsel during an *in camera* pretrial hearing on defendant's request
15 for new counsel:

16 > Mr. Ramsaur: My client was, wanted to cut a deal, and what he wanted to take
> is he would plead guilty if he could get a 10 year mandatory minimum sentence.
17 > [Referring to what defendant told his counsel he wanted at his meeting with counsel the
> day before the pretrial conference held on October 14, 2004]
18
> The Court: Was there a deal offered at some point?
19
> Mr. Ramsaur: There was much earlier when the first – it was with the first
20 > information, your honor, and that deal was basically just plead mandatory minimum 10
> years.
21
> The Court: So what he was offered now –
22
> Mr. Ramsaur: It's practically doubled what the – it's a 10 year mandatory
23 > minimum, and now with the weight clauses and the third count, you're looking at
> something close to anywhere, 16, 18, 20 years dependent upon the weight.
24
> The Court: And when did Mr. Glang withdraw the offer?
25
> Mr. Ramsaur: About three or four months ago, judge, about the time that  –
26 > there was a time he came in and said "I'm going to have to start working on this case,"
> and it seems to me that was about June or July.
27
> And then there were a whole series of people who pled in this court, and then
28 > there was a filing of the second information, and then he had to go do all the work to

1     get interpreters and make the translations and get all those things.
2         And he made it public knowledge to everybody that when and if he had to do
      that, all the deals were going to be off the table, and that was, that was communicated
3     to my client quite clearly, judge.

Transcript from *In Camera* Hearing on October 26, 2004, p.13:25-15:6.  The fact that other defendants did in fact enter guilty pleas pursuant to plea agreements in the "three or four months ago" referenced by defense counsel suggests that the government was offering deals at the time that defense counsel indicated they were being made.  This evidence supports an inference that an offer was made or at least suggested to Sou as a possibility.  In light of the conflicting evidence as to whether a 10-year offer was ever made, the court finds that an evidentiary hearing is necessary to resolve: (1) whether a 10-year offer was made, (2) whether, if not expressly made, defense counsel had reason to believe that one could have been negotiated and, in fact, could have done so, (3) whether defense counsel adequately counseled defendant about the availability of a deal including a deal that depended upon cooperation, and (4) whether defendant was prejudiced by any failure to give advice or by providing inadequate advice concerning a 10-year deal.  *See United States v. Blaylock*, 20 F.3d 1458, 1465-66 (9th Cir. 1994) (District court abused its discretion in denying evidentiary hearing on defendant's claim of ineffective assistance in counsel's failure to inform defendant that government had made plea offer).  Both an attorney's failure to communicate a plea offer and an attorney's incompetent advice resulting in the defendant's rejection of a plea offer constitute unreasonable conduct under prevailing professional standards.  *Id.*

        Since an evidentiary hearing is required, defendant must be appointed counsel.  Rule 8(c) of the Rules Governing Section 2255 Proceedings in the United States District Courts states that "[i]f an evidentiary hearing is required, the judge shall appoint counsel for [an indigent] movant . . . ."  Rule 8(c) of the Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255; *see United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995).

        For the reasons stated, the court hereby orders:

        1. An evidentiary hearing to resolve: (a) whether a 10-year offer was made, (b) whether, if not expressly made, defense counsel had reason to believe that one could have been negotiated and, in fact, could have done so, (c) whether defense counsel adequately counseled defendant about the

availability of a deal including a deal that depended upon cooperation, and (5) whether defendant was prejudiced by any failure to give advice or by providing inadequate advice concerning the availability of a 10-year deal.

    2. Except as to the issues listed in 1 above, movant's § 2255 motion is denied;

    3. Counsel is hereby appointed to represent movant with respect to the evidentiary hearing; and

    4. Counsel are to contact the court's courtroom deputy to schedule a date for the evidentiary hearing.

Dated:  1/25/11

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

1

2  Copy of order mailed electronically to:

3  John N. Glang, AUSA
   Office of the United States Attorney
4  150 Almaden Blvd, Suite 900
   San Jose, CA 95113
5  Email: John.Glang@usdoj.gov

6          Attorneys for Plaintiff United States of America

7  Thin Edward Sou
   F.C.I. Elkton
8  P.O. Box 10
   Lisbon, OH 44432
9          Movant/Defendant

10 Eric Russell Krebs
   Law Offices of Eric R. Krebs
11 44 Montgomery Street
   Suite 3585
12 San Francisco, CA 94104
   Email: erkrebs@yahoo.com
13         Attorney for Defenant

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28